# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONATHAN HESS,

                        Plaintiff,

v.                                                   5:09-CV-0954
                                                   (GTS/DEP)
COHEN & SLAMOWITZ, LLP,

                        Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LAW OFFICE OF ANTHONY J. PIETRAFESA      ANTHONY J. PIETRAFESA, ESQ.
   Counsel for Plaintiff
117 Christopher Lane
Altamont, NY 12009

SMITH, SOVIK, KENDRICK & SUGNET, P.C.       DANIEL R. RYAN, ESQ.
   Counsel for Defendant
250 South Clinton Street, Suite 600
Syracuse, NY 13202-1252

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court in this unfair debt collection action filed by Jonathan Hess ("Plaintiff") is a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), filed by Cohen & Slamowitz LLP ("Defendant"). (Dkt. No. 6.) For the reasons set forth below, Defendant's motion is granted.

I.      BACKGROUND

   A.      Plaintiff's Claims

The Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*, states, in pertinent part, that "any debt collector who brings any legal action against any consumer shall . . . bring such action in a judicial district or similar legal entity in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action." *See* 15 U.S.C. § 1692i(a)(2).

Generally, liberally construed, Plaintiff's Complaint alleges that Defendant violated Plaintiff's rights under FDCPA by "suing [Plaintiff] in a judicial district (i.e., the Syracuse City Court) where [Plaintiff] do[es] not live nor where the alleged credit card contract sued upon was signed . . . ." (*See generally* Dkt. No. 1 [Plf.'s Compl.].)[1] Familiarity with the factual allegations supporting this claim in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id*.)

   B.      Defendant's Motion

Generally, in support of its motion to dismiss, Defendant argues that Plaintiff's cause of action fails to state a claim upon which relief may be granted for the following reasons: (1) although the FDCPA does not define the term "judicial district or similar legal entity," common law within the Second Circuit, including *Howell v. Citibank (South Dakota), N.A.*, 08-CV-6203, 2009 WL 152700 (W.D.N.Y. Jan. 21, 2009), interpret the term as including the county in which a debtor lives (so that Defendant did not violate the FDCPA); and (2) Plaintiff's narrow

---

[1]     Defendant was suing Plaintiff to collect an allegedly outstanding debt owed by Plaintiff to a third-party creditor. (Dkt. No. 1, at ¶¶ 6, 8.)

interpretation of that term as excluding the county in which a debtor lives places unnecessary restrictions on ethical debt collectors, which is contrary to one of the purposes of the FDCPA. (*See generally* Dkt. No. 6, Attachment 3 [Def.'s Memo. of Law].)

In response, Plaintiff argues, *inter alia*, as follows: (1) the fact that the Syracuse City Court and Plaintiff reside in the same county is irrelevant because §1692i demands that the court in which the suit is brought have jurisdiction over the debtor; (2) Defendant violated §1692i by suing Plaintiff in Syracuse City Court because that court did not have jurisdiction over Plaintiff pursuant to McKinney's Uniform City Ct. Act § 213, (3) the Court should decline to follow *Howell*, 2009 WL 152700, because courts in other circuits have made clear that liability under the FDCPA can arise when a debtor lives in the same county as the court in which the suit is brought. (*See generally* Dkt. No. 7, Attachment 4 [Plf.'s Response Memo. of Law].)

In reply, Defendant argues as follows: (1) the issue of jurisdiction is irrelevant when determining the proper venue under the FDCPA; (2) the cases cited by Plaintiff are distinguishable; (3) to the extent that the cases cited by Plaintiff are not distinguishable, the Court should not follow these cases because they unpersuasive, and persuasive authority on the issue exists among case law decided within the Second Circuit. (*See generally* Dkt. No. 9 [Def.'s Reply Memo. of Law].)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

For the sake of brevity, the Court will not recite, in this Decision and Order, the well-known legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but will direct the reader to the Court's recent decision in *Wade v. Tiffin Motorhomes, Inc.*, 05-CV-1458, 2009 WL 3629674, at *3-5 (N.D.N.Y. Oct. 27, 2009) (Suddaby, J.).

**III. ANALYSIS OF PLAINTIFF'S CLAIM UNDER THE FDCPA**

As stated above in Part I.B. of this Decision and Order, Defendant seeks the dismissal of Plaintiff's FDCPA claim because (1) common law within the Second Circuit interprets the term "judicial district or similar legal entity" as including the county in which a debtor lives, and (2) Plaintiff's narrow interpretation of the term "judicial district or similar legal entity" as excluding the county in which a debtor lives places unnecessary restrictions on ethical debt collectors, which is contrary to one of the purposes of the FDCPA.

Based on the current record and the Court's review of the relevant case law, the Court accepts Defendant's first argument. Although the FDCPA does not define the term "judicial district or similar legal entity," the Court finds that persuasive common law within the Second Circuit interprets the term as including the county in which a debtor lives. *See, e.g., Howell*, 2009 WL 152700, at *3 ("The Second Circuit has not specifically addressed the definition of 'judicial district or similar legal entity.' However, the lower courts have concluded that for purposes of the FDCPA, 'judicial district,' has been held to mean 'county' when determining whether a state court action has been filed in the proper judicial district.") [collecting cases from outside Second Circuit]; *Wiener v. Bloomfield*, 901 F. Supp. 771, 775-76 (S.D.N.Y. 1995) ("For purposes of the [FDCPA], 'judicial district,' although not defined, has been held to mean 'county' when determining whether a state court action has been filed in the proper judicial district.") [collecting cases from outside Second Circuit]; *cf. Katz v. Asset Acceptance, LLC*, 05-CV-2783, 2006 WL 3483921, at *2-3 (E.D.N.Y. Nov. 30 2006) (suggesting that it would have been sufficient, for purposes of the FDCPA, if the debt collector had sued the debtor in the

county in which he resided).[2]

In the alternative, based on the current record and the Court's review of the relevant case law, the Court accepts Defendant's second argument. It is widely accepted that the purpose of the FDCPA is to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices *without imposing unnecessary restrictions on ethical debt collectors*." *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 176 (W.D.N.Y. 1988) [emphasis added]; *accord, Katz*, 2006 WL 3483921, at *2.[3] Here, Defendant, who is not a resident of Onondaga County (and therefore may not be familiar with the jurisdictional limits of the Syracuse City Court), sued Plaintiff, a resident of North Syracuse, in a court that is located in the same county as is Plaintiff, and within approximately thirteen (13) miles of Plaintiff's residency.[4] As a result, the Court has difficulty concluding that Defendant's act, as alleged, was intended to be unfair, harassing, and deceptive.[5] Moreover, under the circumstances of this case, the Court finds that

---

[2] Indeed, at least one district court within the Second Circuit has held that a debt collector complied with the FDCPA when it sued a debtor in a county other than that in which the contract in question was signed or in which the debtor resided. *Katz v. Asset Acceptance, LLC*, 05-CV-2783, 2006 WL 3483921, at *2-4 (E.D.N.Y. Nov. 30 2006).

[3] *See* SENATE REPORT No. 95-382, at 12 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696 ("This legislation would add a new title to the Consumer Credit Protection Act entitled the Fair Debt Collection Practices Act. Its purpose is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.").

[4] The Court takes judicial notice of the fact that the Town of Clay Municipal Court is located within approximately sixteen (16) miles of the Syracuse City Court, in which Defendant sued Plaintiff.

[5] *See Katz*, 2006 WL 3483921, at *2-3 ("[T]he [FDCPA] . . . provides that '[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.' To be eligible for this 'bona fide error' defense, a debt collector need not

any unfairness, harassment and deceptiveness plaguing Defendant's act would be outweighed by the undue restrictions placed on ethical debt collectors if the statutory interpretation proposed by Plaintiff were adopted by this Court.

For these alternative reasons, Defendant's motion to dismiss is granted; and Plaintiff's claim under the FDCPA is dismissed.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**. The clerk is directed to enter judgment in favor of the defendant and close this case.

Dated: January 7, 2010
      Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge

---

demonstrate that its procedures for avoiding violations are 'fool proof,' but rather, must only show that its procedures constitute a 'reasonable precaution.'").

# Exhibit B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

## JUDGMENT IN A CIVIL CASE

**Jonathan Hess**,

       **Plaintiff,**

vs.

**CASE NUMBER:**

**5:09cv954 GTS/DEP**

**Cohen & Slamowitz LLP,**

       **Defendant.**

**Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED**, the defendants motion to dismiss (Dkt. No. 6) is Granted.  The plaintiff's Complaint (Dkt No. 1) is dismissed.  Judgment is entered in favor of the defendant in this matter.

    All of the above pursuant to the order of the Honorable Judge Glenn T. Suddaby, dated the 7th day of January, 2010.

DATED: January 7, 2010

*Lawrence K. Baerman*
Clerk of Court

s/

_____
Marie N. Marra
Deputy Clerk